**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000418
16-JUL-2018
10:30 AM**

NO. CAAP-17-0000418

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

NATIONSTAR MORTGAGE, LLC, Plaintiff-Appellee,
v.
LILY ASAYO ISHIHARA, Defendant-Appellant
and
ROBERT SHIGEO ISHIHARA, Defendant-Appellee,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10 and
DOE GOVERNMENTAL UNITS 1-10, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-2810)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

Upon review of the record, it appears that under Hawaii Revised Statutes (HRS) § 667-51(a)(1) (2016) we no longer have appellate jurisdiction over Defendant/Counterclaim-Plaintiff/ Appellant Lily Asayo Ishihara's (Ishihara) appeal from the Honorable Bert I. Ayabe's April 20, 2017 judgment on a decree of foreclosure in favor of Plaintiff/Counterclaim-Defendant/ Appellee NationStar Mortgage, LLC (NationStar Mortgage). During Ishihara's appeal, an issue arose whether NationStar Mortgage had sufficiently proved that it had standing to foreclose on Ishihara's property under the holding in Bank of America v. Reyes-Toledo, 139 Hawai'i 361, 364, 390 P.3d 1248, 1251 (2017) ("[A] foreclosing plaintiff seeking summary judgment must prove it had standing to foreclose on the homeowner's property ast the commencement of the lawsuit to be entitled to foreclosure of the

subject property."). Pursuant to the procedure in <u>Life of the Land v. Ariyoshi</u>, 57 Haw. 249, 252, 553 P.2d 464, 466 (1976),[1] Ishihara filed an October 23, 2017 motion for this court to temporarily remand this case to the circuit court for the entry of a post-judgment order vacating the appealed April 20, 2017 judgment on a decree of foreclosure pursuant to Rule 60(b) of the Hawai'i Rules of Civil Procedure (HRCP). Notably, NationStar Mortgage affirmatively stated in its November 19, 2017 responsive memorandum that NationStar had no objection to Ishihara's October 23, 2017 motion. After the entry of our February 23, 2018 order granting Ishihara's October 23, 2017 motion, the Honorable Jeannette H. Castagnetti entered and supplemented the record with a March 19, 2018 order vacating the April 20, 2017 judgment on the decree of foreclosure pursuant to HRCP Rule 60(b) and the holding in <u>Reyes-Toledo</u>. Consequently, the record for the underlying case no longer contains an appealable final judgment that is necessary for appellate jurisdiction.

Granted, an order <u>denying</u> a motion for post-judgment relief under HRCP Rule 60(b) is an appealable final post-judgment order under HRS § 641-1(a) (2016). <u>Ditto v. McCurdy</u>, 103 Hawai'i 153, 160, 103 Hawai'i at 160, 80 P.3d 974, 981 (2003). In contrast, however, the March 19, 2018 HRCP Rule 60(b) order <u>granting</u> Ishihara's motion to vacate the April 20, 2017 judgment

---

[1] The Supreme Court of Hawai'i has explained that, when parties have wanted a circuit court to alter or set a side a judgment that was already the subject of a valid pending appeal,

> <u>[j]urisdiction is in this [appellate] court while the appeal is pending</u> . . . . Nevertheless, the [HRCP Rule 60(b) post-judgment] motion may be made and considered in the circuit court. <u>If that court indicates that it will grant the motion, the appellant may then move in this court for a remand of the case</u>. During the pendency of the [HRCP Rule 60(b) post-judgment] motion in the circuit court, the parties may move in this court for such relief from the appeal requirements as may be appropriate. . . .
> Such [a post-judgment] motion under [HRCP] Rule 60(b) . . . may be made in the circuit court without a remand of the case. <u>In the event that the circuit court determines that the [post-judgment HRCP Rule 60(b)] motion should be granted, it should so certify and a motion to remand should be made in this court</u>.

<u>Life of the Land v. Ariyoshi</u>, 57 Haw. 249, 252, 553 P.2d 464, 466 (1976) (emphases added).

-2-

on the decree of foreclosure is not independently appealable because, "[w]hen . . . an order granting a Rule 60(b) motion merely vacates the judgment and leaves the case pending for further determination, the order is akin to an order granting a new trial and, in most instances, is interlocutory and nonappealable." 12 James Wm. Moore et al., Moore's Federal Practice § 60.68[2], at 60-233 (3d ed. 2017) (footnote omitted). In other words, "[a]n order granting a motion under Rule 60(b) and ordering a new trial is purely interlocutory and not appealable, although on appeal from a judgment entered after the new trial the appellate court will review whether it was error to have reopened the first judgment." 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2871 at 589-90 (3d ed. 2012 & Supp. 2016) (footnotes omitted).[2/]

For example, under analogous circumstances involving post-judgment relief under HRCP Rule 59 rather than HRCP Rule 60(b), "[a]fter judgment for plaintiffs pursuant to a jury verdict, [and] defendants were granted a new trial, and plaintiffs appealed[,]" the Supreme Court of Hawai‘i dismissed the appeal for lack of appellate jurisdiction because the case was, in effect, still pending before the circuit court and "[t]here was no application for or allowance of the appeal by the court below." Morneau v. Kaiser Foundation Hospitals, 48 Haw. 534, 534, 404 P.2d 899, 899 (1965) (footnote omitted).

> [W]hen a motion for new trial is filed there is no opportunity to appeal unless the outcome is a denial of the motion with the consequent reaffirmation of the judgment, whereupon the appeal lies from the judgment. If a new trial is granted and the judgment consequently is set aside there is no final judgment from which to appeal. 6 Moore, Federal Practice, § 59.15(1), at 3896 (2d ed.).

---

[2/] Although Moore's Federal Practice and Federal Practice and Procedure analyze Rule 60(b) of the Federal Rules of Civil Procedure (FRCP), the Supreme Court of Hawai‘i has noted that it patterned HRCP Rule 60(b) after FRCP Rule 60(b), "and where we have patterned a rule within the HRCP after an equivalent rule within the FRCP, interpretations of the rule by the federal courts are deemed to be highly persuasive in the reasoning of this court." Kawamata Farms, Inc. v. United Agri Products, 86 Hawai‘i 214, 255, 948 P.2d 1055, 1096 (1997).

Id. at 536, 404 P.2d at 900 (emphasis added; footnote omitted). "[T]he grant of a new trial does not [automatically substitute a new judgment], and hence is not appealable as of right." Id. "[U]nder the Hawaii Rules of Civil Procedure, an order granting a new trial is deemed interlocutory[.]" Id. at 536 n.3, 404 P.2d at 900 n.3. In response to an argument that the circuit court had erred by entering the order setting aside the judgment and granting a new trial, the Morneau court explained that, "[w]hen and if the order for new trial comes before us for review [by way of a timely appeal from a future amended judgment,] we will have occasion to consider such contentions, but not at this time." Id. at 537, 404 P.2d at 901. "An order dismissing the appeal will be signed on presentation." Id.

Similarly in the instant case, although the April 20, 2017 judgment on the decree of foreclosure was initially an appealable final judgment pursuant to HRS § 667-51(a)(1), the circuit court subsequently obtained this court's permission to invoke its authority under HRCP Rule 60(b) to vacate the April 20, 2017 judgment on the decree of foreclosure by way of its March 19, 2018 order pursuant to the holding in Reyes-Toledo. In the current absence of an appealable final judgment, the rights of the parties in the underlying case are now undetermined, and the entire matter in Civil No. 12-1-2810-11 (JHC) awaits the circuit court's future adjudication of the parties' claims on the merits. Without an appealable final judgment, the March 19, 2018 HRCP Rule 60(b) order vacating the April 20, 2017 judgment on the decree of foreclosure is now, in effect, an interlocutory and non-final order that is currently ineligible for appellate review. See Morneau, 48 Haw. at 536, 404 P.2d at 900; Bailey v. DuVauchelle, 135 Hawai'i 482, 491, 353 P.3d 1024, 1033 (2015) ("Absent an underlying appealable final judgment, the circuit court's rulings on a purported Rule 60(b) motion are interlocutory and not appealable until entry of such a judgment." (Citations omitted)). Although Ishihara additionally desires appellate review under HRS § 641-1(a) of a prior

March 11, 2014 order and May 21, 2014 order that dismissed Ishihara's counterclaim, "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994); Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008) ("[B]ased on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment."). When and if the circuit court enters a future amended judgment, any aggrieved party will be able to obtain appellate review of all the interlocutory orders by way of a timely appeal from the future amended judgment under the principle that "[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." Ueoka v Szymanski, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) (citation and internal quotation marks omitted); see, e.g., Morneau, 48 Haw. at 537, 404 P.2d at 901 ("When and if the order for new trial comes before us for review [by way of a timely appeal from a future amended judgment,] we will have occasion to consider such contentions, but not at this time."); Reyes-Toledo, 139 Hawai'i at 372, 390 P.3d at 1259 ("Homeowner's appeal of the circuit court's Judgment to the ICA brought up for review the circuit court's Order Granting Motion to Dismiss Counterclaims[,] . . . in addition to the Foreclosure Decree.").

//

//

//

//

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-17-0000418 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, July 16, 2018.

Presiding Judge

Associate Judge

Associate Judge